# United States Bankruptcy Court
# Eastern District of Pennsylvania

| | |
|---|---|
| In re:<br><br>    Henry Bedford,<br><br>            Debtor. | Case No. 19-16254-AMC<br><br>Chapter 13 |

**Debtor's Objection to Claim No. 3 by Claimant KBK Holdings, LLC, and Response to Objection to Discharge by Creditor KBK Holdings, LLC**

    **I.  Objection to Claim No. 3 by Claimant KBK Holdings, LLC**

    **AND NOW**, Debtor Henry Bedford, by and through his attorney, objects to a proof of claim ("POC") filed by a creditor in this case pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007, and L.B.R. 3007-1. In support of this objection, the Debtor states as follows:

    1.  Claimant KBK Holdings, LLC aka William P. Larkin, Jr., Tax Matters Member ("KBK") filed POC No. 3 in the secured amount of $6,675.16 on November 1, 2019. A true and correct copy of the POC is attached as Exhibit A.

    2.  The Claimant attached a copy of a Notice of Judgment/Transcript from Magisterial District Court 07-1-03 of Bucks County, Pennsylvania ("PA") to POC No. 3 and listed it on the POC as the basis of perfection.

    3.  A judgment from a magisterial district court in PA does not automatically function as a lien on real property. To become a lien, a transcript of the final judgment must be filed with the clerk of the Court of Common Pleas in the county where the property is located. 42 Pa. C.S. §1516.

    4.  The Office of the Prothonotary of the Bucks County Court of Common Pleas has no record of KBK Holdings, LLC filing the transcript with the Court to obtain a lien on Mr. Bedford's property before the instant case was filed, or since.

    5.  KBK's claim is not secured by a lien on Mr. Bedford's property, and is therefore unsecured, and POC No. 3 was erroneously filed as a secured claim. To accurately reflect its unsecured status, the Court must order KBK to amend POC No. 3 to an unsecured claim.

## II. Response to Objection to Discharge by Creditor KBK Holdings, LLC

The Debtor, Henry Bedford, by and through his attorney, files this Response to Objection to Discharge by Creditor KBK Holdings, LLC and states:

1. KBK filed an objection to discharge on February 13, 2025.

2. KBK objects to the debtor receiving a discharge on the grounds that KBK′s claim, POC No. 3, currently filed as a secured claim, has not been paid in full.

3. At present, KBK has erroneously received $1,047.46 in distributions from the Trustee′s office, alongside other creditors who filed timely, unsecured claims in the instant case, from the money set aside for unsecured creditors in the confirmed plan.

4. KBK′s current status as a secured creditor did not entitle it to receive those distributions.

5. The plan, as confirmed, provides for no distributions or direct payments whatsoever to KBK, and KBK did not object to the plan before it was confirmed. So, at present, KBK is currently entitled to no distributions from the trustee, no payments from the debtor, and its claim should simply pass through the discharge.

6. If KBK intends to continue to contest that it is a secured creditor, it must return the distributions of $1,047.46 from the money set aside in the confirmed plan for unsecured creditors that it has received erroneously.

7. However, KBK′s claim is not secured. KBK has, by happenstance, received the distributions that it would have received had it filed POC No. 3 correctly as an unsecured claim, and KBK is entitled to no further distributions at present.

8. Consequently, KBK′s objection has no merit, and the Court must overrule it.

**NOW**, **THEREFORE,** the Debtor requests that this Court sustain their objection to POC No. 3 and overrule KBK′s objection to discharge in the form of the order attached and grant such other relief in their favor as may be necessary and proper under the law.

Date: February 18, 2025

CIBIK LAW, P.C.
*Counsel for Debtor*

By: /s/ Michael A. Cibik
Michael A. Cibik (#23110)
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060
mail@cibiklaw.com